# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| DANIELLE SWANSON, | |
| Plaintiff, | |
| V. | Civil Action No. 1:25-cv-07306-JPB-JSA |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA AND GEORGIA HIGHLANDS COLLEGE, | JURY TRIAL DEMANDED |
| Defendant. | |

## ANSWER AND DEFENSES

COMES NOW the Board of Regents of the University System of Georgia and its unit institution, Georgia Highlands College ("Defendant")[1] , by and through counsel, the Attorney General of the State of Georgia, and files this Answer and Defenses to the Plaintiff's Complaint and shows the Court the following:

## FIRST DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

---

[1] Georgia Highlands College is not a separate legal entity capable of being sued; rather, it is a member institution of the Board of Regents' management and operational control. See O.C.G.A. §§ 20-3-31 and 20-3-32; see also GA. CONST. 1983, art. VIII, § 4, ¶ 1(b); *McCafferty v. Medical College of Ga.,* 249 Ga. 62, 65 (1982) (holding that the Medical College of Georgia, as a unit of the Board of Regents of the University System of Georgia, is not a legal entity capable of being sued.) BOR is the only proper defendant and GHC should be dismissed as a separate entity.

1

## SECOND DEFENSE

Plaintiff's Complaint is subject to dismissal, in whole or in part, for lack of personal and subject matter jurisdiction.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by sovereign immunity.

## FIFTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of res judicata, waiver, or estoppel.

## SEVENTH DEFENSE

Defendant has acted upon the existence of reasonable grounds of belief formed at the time and in light of the known circumstances.

## EIGHTH DEFENSE

Defendant has not deprived Plaintiff of any rights, privileges, or immunities secured under the Constitution or the laws of the United States or the State of Georgia.

NINTH DEFENSE

Defendant has at all times acted in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff, and has been consistent with all applicable legal standards.

TENTH DEFENSE

Defendant is not liable to Plaintiff because Defendant has not discriminated against Plaintiff based on race or any other unlawful factor, has not retaliated against Plaintiff, and has not engaged in any otherwise illegal employment practices.

ELEVENTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

TWELTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

<u>THIRTEENTH DEFENSE</u>

To the extent Plaintiff seeks punitive damages, such relief is not available against Defendant.

<u>FOURTEENTH DEFENSE</u>

Plaintiff is not entitled to backpay damages to the extent that she has failed to mitigate damages as required by law.

Defendant denies any allegations not expressly admitted herein. Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any of the foregoing defenses, Defendant responds to the specific statements in Plaintiff's Complaint as follows:

<u>INTRODUCTION</u>[2]

1. Defendant admits Ms. Danielle Swanson ("Plaintiff ") is an Assistant Professor at Georgia Highlands College ("GHC") and former Chair in the School of Humanities but denies each and every remaining allegation within Paragraph 1 except as expressly admitted.

2. Defendant denies Paragraph 2.

---

[2] Plaintiff has included headings throughout her Complaint ("Compl."). Some are neutral and common, i.e. "Parties" and "Jurisdiction and Venue," while others imply wrongdoing on behalf of Defendant. See e.g. Compl., 9, 10, 16. Due to these implications, many are not repeated in Defendant's Answer and Defenses and, to the extent Plaintiff's headings can be construed as allegations, Defendant denies that it has violated Plaintiff's rights in any way or that she is entitled to any relief whatsoever from Defendant.

3. Defendant denies Paragraph 3 as stated. To clarify, Defendant admits that Plaintiff was removed from her role as Division Chair of the English Department, which resulted in the removal of a stipend associated with the Division Chair position.

4. Defendant denies Paragraph 4 as stated. To clarify, Defendant admits that Plaintiff was placed on a Performance Remediation Plan.

5. Paragraph 5 is a legal theory to which no response is required from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief against Defendant for these or any other claims.

PARTIES, JURISDICTION, AND VENUE

6. Defendant admits Paragraph 6 except it is without sufficient knowledge to admit or deny whether Plaintiff is a resident of Georgia.

7. Defendant admits Paragraph 7 except Defendant denies that service upon the Attorney General is proper service of process on Defendant. Defendant further denies that Georgia Highlands College is a legal entity capable of being sued. *See* Footnote 1 *supra*.

8. Defendant admits Paragraph 8.

9. Defendant admits Paragraph 9.

10. Paragraph 10 describes Plaintiff's legal theories about jurisdiction to which no response is required from Defendant. To the extent a response is required,

Defendant admits this Court has jurisdiction over the federal questions presented in this case but denies that Plaintiff is entitled to any relief against Defendant for these or any other claims.

11. Paragraph 11 describes Plaintiff's legal theories about supplemental jurisdiction to which no response is required from Defendant. To the extent a response is required, Defendant admits this Court has supplemental jurisdiction over the state law claims presented in this case but denies that Plaintiff is entitled to any relief against Defendant for these or any other claims.

12. Paragraph 12 describes Plaintiff's legal theories about venue to which no response is required from Defendant. To the extent a response is required, Defendant admits this Court is the proper venue but denies that Plaintiff is entitled to any relief against Defendant for these or any other claims.

<u>SATISFACTION OF ADMINISTRATIVE PREREQUISITES</u>

13. Defendant denies Paragraph 13 as stated.  To clarify, Defendant admits Plaintiff filed Employment Discrimination Complaints with the Georgia Commission on Equal Opportunity ("GCEO").  Defendant is without sufficient knowledge or information to admit or deny whether she received right to sue notices and, therefore, denies the same.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and, therefore, denies the same.

6

15. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 15, and therefore, denies the same.

16. Defendant admits GHC hired Plaintiff as a full-time English instructor for the School of Humanities in or around August 2021. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 16.

17. Defendant denies Paragraph 17, as stated. To clarify, Plaintiff reported to Julia Reidy at first and later began reporting to Dean Jessica Lindberg (the "Dean").

18. Defendant admits Plaintiff taught freshman composition courses but denies that she established activities for Native American Heritage month. Defendant is without sufficient knowledge or information to admit or deny the allegations related to the Bartow County Library and the Bartow Literacy Council. Defendant admits Plaintiff assisted with the Georgia Highlands Writer's Conference by securing food donations, contacting authors and publishers for panels, and hosting an author in a virtual workshop. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 18.

19. Defendant admits Plaintiff's first year with GHC was during the COVID pandemic and, as a result, hybrid teaching and leadership changes occurred but denies each and every remaining allegation within Paragraph 19.

20. Defendant admits Plaintiff was selected after an internal search to serve as the Division Chair of the English Department, which included supplemental compensation and additional duties. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 20.

21. Defendant admits Plaintiff revised her own syllabi but denies each and every remaining allegation withing Paragraph 21.

22. Defendant admits Plaintiff supported faculty development by leading faculty learning communities and developing individual relationships. Defendant denies each and every remaining allegation within Paragraph 22.

23. Defendant denies Paragraph 23 as stated. Defendant denies Plaintiff was the director of the Georgia Highlands Writer's Conference. To clarify, part of the Chair's job was to run the event. Defendant is without sufficient knowledge or information to admit or deny Swanson's involvement with the Bartow County Library. Defendant denies Plaintiff served on the Friends of the Library Board, but admits the board established a partnership with GHC to host the annual craft fair. Defendant is without sufficient knowledge or information to admit or deny that Plaintiff expanded the Native American Heritage month programming with the school library but admits she registered students during orientations. Defendant denies each and every remaining allegation within Paragraph 23.

24. Defendant admits Plaintiff worked to motivate faculty and encouraged them to develop goals in line with the University System of Georgia's rank requirements but denies Plaintiff increased morale and confidence in the department. Defendant is without sufficient knowledge or information to admit or deny that Plaintiff sent out weekly emails that allowed engagement between different campuses and therefore, denies the same. Defendant denies each and every remaining allegation within Paragraph 24.

25. Defendant admits Plaintiff created master course shells but denies each and every remaining allegation within Paragraph 25.

26. Defendant admits Plaintiff was promoted to Assistant Professor and asked to oversee the Spanish Department. Defendant denies each and every remaining allegation within Paragraph 26.

27. Defendant admits Plaintiff's second year as Chair followed her first but denies any other allegation of implications within Paragraph 27.

28. Defendant admits Plaintiff established a presence within regional and national organizations. Defendant admits Plaintiff presented at the Southern Atlantic Modern Language Association and that she attended and presented at the UGA Teaching and Learning Conference. Defendant is without sufficient knowledge or information to admit or deny that Plaintiff held a board seat for Society for the Study of Southern Literature, attended and presented at TYCA-Southeast, or

whether she had her stories published on a literary website. Defendant denies each and every remaining allegation within Paragraph 28.

29. Defendant denies Plaintiff was the chief organizer of the Georgia Highlands Writer's Conference but admits the conference invited published authors to share their approaches with aspiring and accomplished writers. Defendant denies that Plaintiff secured speakers, oversaw publicity, or organized and ran the programming but admits this conference was the largest one held at GHC. Defendant denies each and every remaining allegation within Paragraph 29.

30. Defendant denies Paragraph 30 as stated. To clarify, Plaintiff only asked for one week off and made the request by text one week before her surgery.

31. Defendant denies Paragraph 31 as stated.

32. Defendant denies Paragraph 32 as stated. To clarify, FMLA was never discussed because Plaintiff never indicated she would be absent for more than one week.

33. Defendant denies the first sentence of Paragraph 33 as stated. Further, Defendant is without sufficient knowledge or information to admit or deny whether a) Plaintiff returned to work a week after major surgery, a time when most people are not even walking fully upright from the procedure; b) she worked a ten hour day with a medical bag taped to her leg and hidden by wide legged pants; and c) she only left when another college dean told her she should go home, and therefore denies the same.

34. Defendant is without sufficient knowledge or information to admit or deny the allegations within sentences one and two of Paragraph 34 and therefore denies the same. Defendant admits Plaintiff continued with her duties as Division Chair, which included handling the Writer's Conference. To clarify, as Chair of the English Department, Plaintiff was still responsible for managing the Writer's Conference but she was not the director. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 34.

35. Defendant denies Paragraph 35 as stated. To clarify, the first Highlands Scholarship Gala was held in 2023 to celebrate 50 years of the GHC Foundation and to raise funds for student scholarships not to celebrate President Hobbs.

36. Defendant admits the Gala took place on September 28, 2023, but denies the event took place on the Floyd Campus in Rome, GA. To clarify, the event was held at the Clarence Brown Conference Center in Cartersville, GA.

37. Defendant admits all attendees received two tickets for wine but denies each and every remaining allegation within Paragraph 37.

38. Defendant denies Paragraph 38.

39. Defendant admits the Dean's husband was present at the gala but denies each and every remaining allegation within Paragraph 39.

40. Defendant is without sufficient knowledge or information to admit or deny Plaintiff's mindset or fears and therefore denies Paragraph 40.

41. Defendant admits Plaintiff worked for the Center for Excellence in Teaching and Learning to identify gaps in professional development but denies each and every remaining allegation within Paragraph 41.

42. Defendant admits Plaintiff attended a chair institution with the Modern Language Association("MLA") in addition to her duties as Division Chair but denies MLA is the largest humanities organization in the world. Defendant admits Plaintiff worked to create a partnership with Georgia State University but is without sufficient knowledge or information to admit or deny her work to obtain grant funds, develop a professional development institute, and her work with Bartow County Library and therefore denies the same. Defendant denies each and every remaining allegation within Paragraph 42.

43. Defendant denies Paragraph 43 as stated. For clarification, Plaintiff volunteered to help with runGHC; President Hobbs did not directly request her help. To clarify, the president's initiative was to add more sports clubs to the school's roster not sport's teams. Defendant admits the Dean went along with the appointment but denies the Dean "held the time spent on the club" against Plaintiff. Defendant denies each and every remaining allegation within Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant admits Paragraph 45. To clarify, a "full course load" for a Chair is less than that of a non-chair faculty member.

46. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 46 and, therefore, denies the same.

47. Defendant denies Paragraph 47, as stated.

48. Defendant denies Paragraph 48 as stated.

49. Defendant admits Paragraph 49.

50. Defendant admits the Dean knew of Swanson's feelings about their relationship but denies their relationship had soured. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations within Paragraph 50 and therefore denies the same.

51. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 51 and, therefore, denies the same.

52. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 52 and, therefore, denies the same.

53. Defendant is without sufficient knowledge or information to admit or deny the allegations within Paragraph 53 and, therefore, denies the same.

54. Defendant admits Paragraph 54 to the extent Dr. Lockett-Lewis met with Dana Itkow in or around early November 2024 to report the alleged incident that

occurred at the gala but denies the Dean "instructed" Plaintiff to engage in any behavior with the President.

55. Defendant denies Paragraph 55.

56. Defendant admits there was a meeting between the Dean, Swanson, and Dana Itkow ("Itkow"). Defendant denies the remaining allegations within Paragraph 56 as stated.

57. Defendant admits there was a meeting between the Dean, Swanson, Itkow, and Dr. Michelle Lockett-Lewis ("Lockett-Lewis") who was invited to observe. Defendant is without sufficient knowledge or information to admit or deny Swanson's discomfort with the situation since Defendant cannot speak to Swanson's mindset and therefore denies the same. Defendant denies each and every remaining allegation within Paragraph 57.

58. Defendant admits Paragraph 58 except that the meeting occurred on December 5, 2024.

59. Defendant admits there was a meeting, but Defendant is without sufficient knowledge or information to admit or deny how Plaintiff was feeling and therefore denies the same. Defendant denies each and every remaining allegation within Paragraph 59.

60. Defendant admits Itkow asked the Dean to respond. Defendant denies each and every remaining allegation within Paragraph 60.

61. Defendant admits Itkow admonished the Dean for denying Swanson's leave request in the online system, but denies the remaining allegations within Paragraph 61 as stated.

62. Defendant denies Paragraph 62 as stated. Defendant is also without sufficient knowledge or information to admit or deny how Plaintiff was feeling or the conversation and therefore denies the same.

63. Defendant denies Paragraph 63 as stated.

64. Defendant denies Paragraph 64 as stated.

65. Defendant is without sufficient knowledge or information to admit or deny Swanson's mental impressions and therefore denies the same.

66. Defendant denies Paragraph 66 as stated.

67. Defendant denies Paragraph 67 as stated.

68. Defendant denies Paragraph 68 as stated.

69. Defendant admits Plaintiff received excellent or extraordinary in some categories but denies the remaining allegations in Paragraph 69.

70. Defendant lacks sufficient knowledge or information to admit or deny the truth or accuracy of the alleged quotes attributed to anonymous or unidentified reviewers and therefore denies the same within Paragraph 70 a-j.

71. Defendant admits that comments were solicited from faculty and supervisors, but denies all responded. Defendant denies each and every remaining allegation within Paragraph 71.

72. Defendant admits there was a meeting between Plaintiff, Itkow, the Dean and Provost Sarah Coakley ("Provost" or "Coakley") on January 23, 2025, where the Dean informed Plaintiff of GHC's intent not to renew her role as Chair. Defendant denies each and every remaining allegation within Paragraph 72.

73. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 73 and therefore denies the same.

74. Defendant denies Paragraph 74.

75. Defendant admits Plaintiff asked questions but is without sufficient knowledge or information to admit or deny the remaining allegations within Paragraph 75 and, therefore, denies the same.

76. Defendant denies Paragraph 76 as stated.

77. Defendant denies Paragraph 77.

78. Defendant admits Paragraph 78 insomuch as the Dean confirmed that she had not put her concerns about Plaintiff in writing yet, choosing to coach her verbally instead. Defendant denies any allegation or implication that Plaintiff was not verbally warned or was not aware of her performance issues.

79. Defendant denies Paragraph 79.

80. Defendant admits Plaintiff emailed the Dean, Itkow, and Coakley on or about January 28, 2025, regarding documentation to support her demotion, but denies the remaining allegations as stated. Defendant denies each and every remaining allegation within Paragraph 80.

81. Defendant admits Itkow responded by email on January 31, 2025, but denies the remaining allegations within Paragraph 81 as stated.

82. Defendant denies sentence 1 of Paragraph 82 as stated. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations and therefore denies the same.

83. Defendant denies Paragraph 83 as stated but admits Plaintiff emailed Itkow, the Dean, and the Provost on February 7, 2025, and that the email speaks for itself.

84. Defendant denies Paragraph 84 as stated. To clarify, Defendant admits that Plaintiff emailed Itkow, the Dean, and the Provost on February 7, 2025, and the email speaks for itself.

85. Defendant admits Plaintiff filed an ethics complaint with the University System of Georgia ("USG") but denies the remaining allegations within Paragraph 85.

86. Defendant admits there was a recorded meeting between Plaintiff and the Dean on February 19, 2025, where Plaintiff learned the School of Humanities and School of Social Sciences were merging but denies the each and every remaining allegation within Paragraph 86.

87. Defendant denies Paragraph 87.

88. Defendant admits the Dean was without documentation to support Swanson's demotion at the meeting but denies each and every remaining allegation within Paragraph 88.

89. Defendant admits Itkow requested a meeting with Plaintiff to complete HR paperwork and Plaintiff asked that a third party from the HR department be present and that the meeting be recorded. Each and every remaining allegation within Paragraph 89.

90. Defendant admits Paragraph 90.

91. Defendant admits the Dean's husband attended the gala but denies each and every remaining allegation within Paragraph 91.

92. Defendant admits no Title IX complaint was filed but denies each and every remaining allegation within Paragraph 92 including but not limited to denying GHC breached any obligations under federal law.

93. Defendant is without sufficient knowledge or information to admit or deny the assertions within Paragraph 93 and, therefore, denies the same.

94. Defendant admits Paragraph 94.

95. Defendant admits Plaintiff filed an ethics complaint on or about March 17, 2025, and a complaint with the Georgia Commission On Equal Opportunity but denies each and every remaining allegation within Paragraph 95.

96. Defendant admits Paragraph 96.

97. Defendant denies Paragraph 97 as stated. To clarify, Defendant admits Plaintiff's counsel wrote a letter to President Hobbs dated March 18, 2025, which speaks for itself.

98. Defendant denies Paragraph 98.

99. Defendant denies Paragraph 99.

100. Defendant denies Sentence 1 of Paragraph 100 as stated but admits Plaintiff was asked to collaborate with the Dean on the final version of faculty evaluations. Defendant denies Sentence 2 of Paragraph 100. Defendant admits Allen Dutch ("Dutch") met with the Dean to review his evaluations but denies the remaining allegations within Sentence 3 of Paragraph 100. Defendant is without sufficient knowledge or information to admit or deny the allegations within Sentence 4 of Paragraph 100 and therefore denies the same. Defendant denies Sentence 5 of Paragraph 100. Defendant denies Sentence 6 of Paragraph 100. Except as expressly admitted, Defendant denies each and every remaining allegation within Paragraph 100.

101. Defendant denies Paragraph 101 as stated. To clarify, Steffanie Morrison, who serves as Associate Vice Chancellor of Legal Affairs for USG, emailed Swanson's attorney to set up a call about her ethics complaint on or about May 20, 2025.

102.   Defendant admits Paragraph 102. To clarify, the meeting was scheduled for June 12, 2025.

103.   Defendant admits that it prepared responses to interrogatories at GCEO's request but is without sufficient knowledge or information to admit or deny the remaining allegations within Paragraph 103 and, therefore, denies the same.

104.   Defendant denies Paragraph 104 as stated.

105.   Defendant denies Paragraph 105.

106.   Defendant admits Ms. Morrison interviewed Plaintiff as part of USG's investigation into her ethics complaint but denies the remaining allegations within Paragraph 106.

107.   Defendant admits Paragraph 107 insomuch as Plaintiff communicated her allegations to Ms. Morrison but denies that it engaged in any retaliatory conduct or other wrongdoing.

108.   Defendant admits Paragraph 108 insomuch as Plaintiff communicated her allegations to Ms. Morrison but denies that it engaged in any retaliatory conduct or other wrongdoing.

109.   Defendant denies Paragraph 109 as stated.  To clarify, Defendant admits Plaintiff was placed on a performance remediation plan ("PRP").

110.   Defendant denies Paragraph 110.

111.   Defendant admits Paragraph 111.

112.    Defendant denies Paragraph 112.

113.    Defendant denies Paragraph 113 as stated. To clarify, Lindberg informed
Plaintiff that she had abandoned one of her assigned classes in 2024.

114.    Defendant denies Paragraph 114.

115.    Defendant denies Paragraph 115.

116.    Defendant denies Paragraph 116.

117.    Defendant denies Paragraph 117 as stated.

118.    Defendant admits Paragraph 118.

119.    Defendant admits Plaintiff filed another GCEO complaint but denies each
and every remaining allegation within Paragraph 119.

120.    Defendant admits Paragraph 120.

121.    Defendant admits Plaintiff asked to teach remotely but denies each and
every remaining allegation within Paragraph 121.

122.    Defendant admits the request to teach remotely could not be completed in
time for the upcoming fall semester but denies each and every remaining
allegation within Paragraph 122.

123.    Defendant denies Paragraph 123 as stated but admits Swanson's FMLA
leave request was granted.

124.   Defendant admits Paragraph 124. To clarify, Plaintiff has exhausted her

FMLA leave and is currently on leave granted as an accommodation under the

Americans with Disabilities Act.

## COUNT I – SEX BASED RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

125.   Defendant incorporates its responses to all the preceding paragraphs of this

Answer as if fully set forth herein.

126.   Defendant admits it employed Plaintiff. The remaining allegation in

Paragraph 126 is a legal conclusion to which no response is required. To the

extent a response is required, Defendant denies Plaintiff is entitled to any relief

for these or any other claims.

127.   Paragraph 127 is a legal conclusion to which no response is required. To the

extent a response is required Plaintiff admits GHC and the Board of Regents

employed Swanson, but denies Plaintiff is entitled to any relief for these or any

other claims.

128.   Paragraph 128 is a legal conclusion to which no response is required. To the

extent a response is required, Defendant denies Plaintiff is entitled to any relief

for these or any other claims.

129.   Defendant denies Paragraph 129.

130.   Defendant denies Paragraph 130.

131.   Paragraph 131 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

132.   Defendant denies Paragraph 132.

133.   Defendant denies Paragraph 133.

134.   Defendant denies Paragraph 134.

135.   Defendant denies Paragraph 135.

## COUNT II – RETALIATION IN VIOLATION OF THE GEORGIA FAIR EMPLOYMENT PRACTICES ACT O.C.G.A. § 45-19-29 *et seq.*

136.   Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

137.   Defendant admits it employed Swanson. The remaining allegation in Paragraph 137 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

138.   Paragraph 138 is a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies Plaintiff is entitled to any relief for these or any other claims.

139.   Paragraph 139 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

140.   Defendant denies Paragraph 140.

141.   Defendant denies Paragraph 141.

142.   Paragraph 142 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

143.   Defendant denies Paragraph 143.

144.   Defendant denies Paragraph 144.

145.   Defendant denies Paragraph 145.

146.   Defendant denies Paragraph 146.

## COUNT III – WHISTLEBLOWER RETALIATION IN VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT O.C.G.A. § 45-1-4 *et seq.*

147.   Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

148.   Defendant admits it employed Swanson. The remaining allegation in Paragraph 148 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

149.   Paragraph 149 is a legal conclusion to which no response is required. To the extent a response is required Plaintiff admits GHC and the Board of Regents

employed Swanson, but denies Plaintiff is entitled to any relief for these or any other claims.

150.   Paragraph 150 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

151.   Defendant denies Paragraph 151.

152.   Paragraph 152 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

153.   Defendant denies Paragraph 153.

154.   Defendant denies Paragraph 154.

155.   Defendant denies Paragraph 155.

156.   Defendant denies Paragraph 156.

## COUNTY IV – INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

157.   Defendant incorporates its responses to all of the preceding paragraphs of this Answer as if fully set forth herein.

158.   Paragraph 158 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

159.   Paragraph 159 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

160.   Defendant is without sufficient knowledge or information to admit or deny Paragraph 160 and, therefore, denies the same.

161.   Defendant denies Paragraph 161.

162.   Paragraph 162 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

163.   Paragraph 163 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief for these or any other claims.

<u>PRAYER FOR RELIEF</u>

In response to the paragraphs containing Plaintiff's prayer for relief subparts (a) – (j), Defendant denies that Plaintiff is entitled to any relief from Defendant for these or any other claims.

Defendant denies each and every allegation in Plaintiff's Complaint not herein specifically admitted, denied, or otherwise controverted.

WHEREFORE, having answered fully, Defendant hereby prays that

Plaintiff's Complaint be dismissed in its entirety with all costs cast upon Plaintiff.


Respectfully submitted, this 2nd day of March 2026

CHRISTOPHER M. CARR          112505
Attorney General

BRYAN K. WEBB               743580
Deputy Attorney General

*/s/ Katherine P. Stoff*        536807
KATHERINE P. STOFF
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3491
kstoff@law.ga.gov

**Local Rule 7.1.D Certification**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.B.

/s/ Katherine P. Stoff
KATHERINE P. STOFF
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 458-3491
kstoff@law.ga.gov